UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────────

JOHN JAY HUMPHREY,

                     Plaintiff,

           -vs-                               Civ. Case No. 5:05-CV-0987

ONONDAGA COUNTY DEPARTMENT OF
SOCIAL SERVICES,

                     Defendant.
────────────────────────────────────

**APPEARANCES**                                    **OF COUNSEL**

JOHN JAY HUMPHREY
*Plaintiff Pro Se*
201 Oxford Street
Syracuse, New York 13202

ANTHONY P. RIVIZZIGNO                  Kathleen M. Dougherty, Esq.
ONONDAGA COUNTY ATTORNEY        Deputy County Attorney
421 Montgomery Street
Syracuse, New York  13202

NORMAN A. MORDUE, District Judge

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

      This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  There is one cause of action in the complaint which alleges, in vague, conclusory and confounding terms, that plaintiff's civil rights were violated by members of the Onondaga County Department of Social Services due to the "repetitious process" plaintiff was required to follow to apply for the Safety Net Assistance Program.  It appears plaintiff's application was ultimately unsuccessful.

### II.    DISCUSSION

A.      Applicable Standards of Review

The standards applicable to motions to dismiss are well-settled.  On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations of the complaint as true, and draw all reasonable inferences in favor of the nonmoving party.  *See Grandon v. Merrill Lynch & Co.,* 147 F.3d  184, 188 (2d Cir. 1998); *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir. 1995).  In addition, the Court may not dismiss the complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nettis v. Levitt,* 241 F.3d 186, 191 (2d Cir. 2001) (quotation omitted).  Therefore, the issue before the Court on such a motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson,* 189 F.3d 284, 287 (2d Cir. 1999) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995)).

When reviewing the pleading of a *pro se* litigant, a court must construe the complaint liberally and "interpret [it] to raise the strongest arguments that [it] suggest[s]." *Sato v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995); *see also Plateky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir. 1991).  Nonetheless, the complaint must satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *Jeffrey v. Malcolm*, 353 F.Supp. 395 (S.D.N.Y. 1973).

A.      Rules Governing Pleading Requirements.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).  The purpose of this

Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.) (other citations omitted)).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

(b)  Paragraphs; Separate Statements.  All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading ...." *Sandler v. Capanna*, No. 92-4838, 1992 WL 392597, *3 (E.D.Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy of a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for the Court to assess the sufficiency of plaintiff's claims, and may properly be dismissed by the Court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, C.J.).  As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power to, on its own initiative, ... dismiss the complaint."

3

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson*, 1998 WL 832708, *2 (citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons II v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

B.      Allegations Contained in the Complaint.

A review of the complaint reveals that such pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules. While plaintiff seems to be claiming that his constitutional rights have been violated by defendants, he does not set forth sufficient facts upon which this Court may rely in determining whether such a violation has occurred. Plaintiff alleges that defendant's actions caused him needless delay and emotional hardship because he was required to renew his application for assistance under the Safety Net Assistance Program based on failure to "keep appointments." Since plaintiff alleges that he is mentally ill, his claim is apparently that he should not be required to keep appointments as a condition to applying for or keeping public assistance benefits.

A plaintiff cannot sustain a claim under 42 U.S.C. § 1983 against a municipal office such as the Onondaga County Department of Social Services unless he establishes that the violation of his constitutional rights resulted from an unlawful municipal custom or policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Further, claims against individual employees of municipalities in their official capacities are tantamount to claims

4

against the municipality itself.  An unlawful custom or policy may be established by showing that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.  *See Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991);

The only defendant sued by plaintiff is the Onondaga County Department of Social Services, but plaintiff does not provide details concerning the alleged unconstitutional or unlawful policy which led to deprivation of his rights or the identities of employees or representatives of said agency who acted or failed to act in violation of his rights. Additionally, plaintiff does not clearly state the dates on which he was allegedly harmed by the alleged actions of the defendant.  Finally, plaintiff does not clearly state the relief he seeks in the present action.

## III.    CONCLUSION

Since plaintiff's complaint plainly does not comply with the requirements of the above-mentioned rules, and for the reasons stated above, plaintiff is advised that unless he files an amended complaint **within thirty (30) days** from the date of the filing of this Order, this action will be dismissed.

Any such amended complaint, **which shall supersede and replace in its entirety the previous complaint filed by plaintiff**, must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit and must bear the case number assigned to this action.  The body of plaintiff's complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**.  Thus, if plaintiff claims that his civil and/or constitutional rights were violated by more than one

defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

While plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his claims. Thus, plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit.

Plaintiff's amended complaint shall also assert claims against each and every defendant named in such complaint, and shall be filed with the Court **within thirty (30) days** from the date of the filing of this Order. **Any defendants not named in such pleading shall not be defendants in the instant action.** Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, **plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes this Court to consider as a basis for awarding plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action.**

Based on the foregoing, defendant's motion to dismiss pursuant to Fed. R. Civ. Proc.

12(b) is hereby DENIED at this time without prejudice.

IT IS SO ORDERED.

Dated: March 30, 2007
       Syracuse, New York


Norman A. Mordue
Chief United States District Court Judge