UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN JAY HUMPHREY,

        Plaintiff,

vs.                              Civ. Case No. 5:05-CV-0987

ONONDAGA COUNTY DEPARTMENT OF
SOCIAL SERVICES,

        Defendant.

| APPEARANCES | OF COUNSEL |
|---|---|
| John Jay Humphrey<br>*Plaintiff Pro Se* | |
| Gordon J. Cuffy<br>Onondaga County Attorney<br>421 Montgomery Street<br>Syracuse, New York  13202<br>Attorney for Defendant | Kathleen M. Dougherty, Esq.<br>Deputy County Attorney |

**Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

    This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  The complaint alleges that plaintiff's due process rights were violated by the Onondaga County Department of Social Services when said agency either denied his application for public assistance benefits and/or cancelled existing benefits due to plaintiff's failure to keep scheduled counseling and/or group orientation appointments.  Defendant has moved to dismiss the complaint for failure to comply with basic federal pleading standards, failure to state a cause of action and failure to exhaust administrative remedies.  Plaintiff opposes defendant's motion.

**II.     DISCUSSION**

A.     Applicable Standards of Review

The standards applicable to motions to dismiss are well-settled.  On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations of the complaint as true, and draw all reasonable inferences in favor of the nonmoving party.  *See Grandon v. Merrill Lynch & Co.,* 147 F.3d  184, 188 (2d Cir. 1998); *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir. 1995).  In addition, the Court may not dismiss the complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nettis v. Levitt,* 241 F.3d 186, 191 (2d Cir. 2001) (quotation omitted).  Therefore, the issue before the Court on such a motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *King v. Simpson,* 189 F.3d 284, 287 (2d Cir. 1999) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995)).

B.     Rules Governing Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.) (other citations omitted)).

A complaint that fails to comply with basic pleading requirements of the Fed. R. Civ. P. presents too heavy of a burden for a defendant in shaping a comprehensive defense, provides no meaningful basis for the court to assess the sufficiency of plaintiff's claims, and may therefore properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, C.J.). "When a complaint does not comply with the requirement that it be short and plain, the Court has the power to, on its own initiative, ... dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson*, 1998 WL 832708, *2 (citation omitted). When reviewing the pleading of a *pro se* litigant, a court must construe the complaint liberally and "interpret [it] to raise the strongest arguments that [it] suggest[s]." *Sato v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995); *see also Plateky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir. 1991). Nonetheless, the complaint must satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *Jeffrey v. Malcolm*, 353 F.Supp. 395 (S.D.N.Y. 1973).

Here, plaintiff alleges that defendant's actions caused him "needless delay" and "mental anguish" because his benefits were denied and/or cancelled based on his failure to keep appointments for group orientation and/or job counseling. Plaintiff contends that he is "mentally unstable" and presumably incapable of keeping such appointments. Consequently, the Court interprets plaintiff's claim to be that the County agency's policy of cancelling and/or denying welfare benefits to mentally unstable persons who fail to keep appointments is unconstitutional. The Court finds that these basic allegations are sufficient to comply with Fed. R. Civ. P. 8.[1] Next,

---

[1] Plaintiff also alleges in the complaint that he was placed on "a list" and "striped[sic]" of his

the Court will address whether the complaint states a viable cause of action against the named defendant.

C.  Plaintiff's § 1983 Claim

"The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before the plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).  A plaintiff must also demonstrate that the denial of the constitutional or federal statutory right occurred under color of state law. *See* 42 U.S.C. § 1983.

It is well settled that a recipient has an "overarching property interest" in the continued receipt of welfare benefits. *See Reynolds v. Giuliani*, 35 F.Supp.2d 331, 341 (S.D.N.Y.1999) (citing *Goldberg v. Kelly*, 397 U.S. 254, 261-66 (1970)); *see also Dandridge v. Williams*, 397 U.S. 471, 487 (1970); *Morel v. Giuliani*, 927 F.Supp. 622, 631-32 (S.D.N.Y. 1995).  In general, "the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).  This principle applies with "heightened scrutiny" in the context of welfare benefits. *Hart v. Westchester Co. Dep't of Soc. Servs.*, 160 F. Supp.2d 570, 575 (S.D.N.Y. 2001).  Welfare recipients rely on their benefits for their survival, and thus are constitutionally guaranteed an evidentiary hearing before their benefits are

---

constitutional rights because he previously filed a complaint against the Onondaga County Sheriff's Department.  Further, plaintiff 's complaint asserts that "[f]ederal judges have shit for brains."  However, since the Department of Social Services is the only named defendant in this case, the Court finds that his allegations against the Sheriff's Department and "federal judges" fail to state any cognizable legal claims in their present form.

4

discontinued. *Goldberg*, 397 U.S. at 264 (requiring a pretermination hearing because "termination of aid pending resolution of a controversy may deprive an eligible recipient of the very means by which to live while he waits."). Due process in this circumstance required that plaintiff be given timely and adequate notice detailing the reasons for the termination of benefits, and an effective opportunity to be heard at an evidentiary hearing. *See Hart*, 160 F. Supp.2d at 575; *Atkins v. Parker*, 472 U.S. 115, 148 (1985) (requiring "timely and adequate notice detailing the reasons" for proposed adverse administrative action). The hearing "need not take the form of a judicial or quasi-judicial proceeding" but must be held "at a meaningful time and in a meaningful manner." *Goldberg,* 397 U.S. at 267.

Plaintiffs' allegations, though scantily supported with specific facts, concerning defendant's "internal policy" of denying benefits to mentally disabled persons based merely on failure to keep scheduled appointments, state a viable due process claim under § 1983. While the County may ultimately demonstrate that plaintiff was afforded all the process he was due under the circumstances, it cannot be said presently that plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *See Nettis*, 241 F.3d at 191. Thus, defendant's motion to dismiss the complaint for failure to state a claim must be denied.

In a related argument, defendant contends that the Onondaga County Department of Social Services is "not a viable defendant" under applicable state law. Counsel for the County argues that the "'Onondaga County Department of Social Services' does not exist as a legal entity and is not subject to suit." However, counsel for the County does not cite or describe the law in question nor explain how or why the Department of Social Services is not a viable legal entity. Moreover, review of the Onondaga County government's official website reveals a designated

page for the "Department of Social Services."  *See* http://www.ongov.net/DSS/.  Thus, the Court has no basis presently to dismiss plaintiff's claim based on failure to name the proper defendant.

Finally, contrary to defendant's contention, plaintiff's alleged failure to appeal denial or termination of his benefits at a fair hearing is not fatal to his claims herein.  While exhaustion of state administrative remedies is necessary in a procedural due process claim, *see Wilbur v. Harris*, 53 F. 3d 542, 544 (2d Cir. 1995) ( a claim under § 1983 for violation of the Fourteenth Amendment's procedural due process guarantee does require analysis of state remedies "because the constitutional violation on which to base [such] a . . . claim is not complete until life, liberty, or property is deprived without due process of law."), "[o]nce a cause of action for a constitutional violation accrues, nothing the state does can subsequently cut-off the § 1983 action."  *Hart*, 160 F. Supp.2d at 576 (citing *Patterson v. Coughlin*, 761 F.2d 886, 893 (2d Cir. 1985)).

## III.    CONCLUSION

Based on the foregoing, defendant's motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b) is hereby DENIED.

IT IS SO ORDERED.

Dated: May 1, 2008
       Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge